UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN WEAVER,                      )
                                   )
            Movant,                )
                                   )
      vs.                          )     No. 4:04CV1612-DJS
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

**MEMORANDUM**

    On August 28, 2003, movant Kevin Weaver pled guilty to one count of possession with intent to distribute 50 or more grams of cocaine base (crack) and one count of possession with intent to distribute 500 or more grams of cocaine. Subsequently, on November 21, 2003, the Court sentenced Ward to 189 months' imprisonment, to be followed by a five-year term of supervised release. No direct appeal was taken. Now before the Court is Ward's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. §2255. As the government points out, as part of his plea agreement, movant waived relief under §2255 for all but his claims of prosecutorial misconduct and ineffective assistance of counsel. Stipulation of Facts and Plea Agreement, Case No. 4:03CR346-DJS, [Doc. #25], p. 3. This waiver supports the Court's rejection of movant's ground for relief. As discussed below, there exist additional reasons for the denial of movant's motion.

The motion asserts a single ground for relief. Weaver contends that, under Blakely v. Washington, 542 U.S. ---, 124 S.Ct. 2531 (2004), the Court improperly increased his sentence by applying a two-level enhancement for possession of a dangerous weapon because the facts supporting the enhancement were not proven to a jury. In Blakely, the Supreme Court invalidated the State of Washington's sentencing scheme, holding that scheme violated the Sixth Amendment because it allowed a sentencing court to impose a sentence not solely based on "facts reflected in the jury verdict or admitted by the defendant." Id., 124 S.Ct. at 2537.

Since the filing of McKinney's §2255 motion, the Supreme Court extended Blakely's holding to the federal sentencing guidelines in United States v. Booker, --- U.S. ---, 125 S.Ct. 238 (2005). However, neither Blakely nor Booker apply retroactively to cases on collateral review. In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005). See also United States v. Price, 400 F.3d 844 (10th Cir. 2005) (Blakely not retroactively applicable to initial §2255 motions); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (Booker not retroactively applied to collateral proceedings). As movant's underlying criminal case was final prior to both the Blakely and Booker decisions, they are inapplicable to the instant motion. Furthermore, in his plea agreement, movant admitted that he possessed a Norinco, Model 54-1, 9mm semi-automatic pistol during his arrest. Stipulation of Facts and Plea Agreement, Case No. 4:03CR346-DJS, [Doc. #25], p. 9. Movant also admitted that the two-level

enhancement for possession of a dangerous weapon should apply. <u>Id.</u> at p. 6. Thus, as movant admitted the underlying facts, the Court could apply the enhancement even in light of <u>Blakely</u> and <u>Booker</u>.

Accordingly, for all the foregoing reasons, the instant motion to vacate, set aside or correct sentence will be denied.

Dated this  7th  day of June, 2005.

                                            /s/ Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE